FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION
2008 JAN 28 PM 12: 55
CLERK OF COURT

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JO'L GIBSON, Individually and as Next Friend of ALEXANDRIA GIBSON, a Minor, CHRISTINA HALE, Individually and as Next Friend of BRE'ANNA JOHNSON, a Minor, and NYESHIA JONES** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. __________** |
| **THE CITY OF EVERMAN, TEXAS, RANDY SANDERS, ALEXANDER A. ARANGO, PAUL A. BALES, ANITA BLEDSOE and COURTNEY C. SPENCER** | § | **JURY TRIAL DEMANDED** 4-08CV-054-A |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW Jo'L Gibson, individually and as next friend of Alexandria Gibson, Christina Hale, individually and as next friend of Bre'Anna Johnson and Nyeshia Jones, (collectively referred to herein as "Plaintiffs") and complains of the City of Everman, Texas ("Everman"), Chief of Police Randy Sanders ("Chief Sanders"), Officer Alexander A. Arango ("Officer Arango"), Officer Paul A. Bales ("Officer Bales"), Officer Anita Bledsoe ("Officer Bledsoe") and Officer Courtney C. Spencer ("Officer Spencer"), for causes of action showing:

## I. NATURE OF THE ACTION

1. This is an action brought by Alexandria Gibson, Bre'Anna Johnson and Nyeshia Jones against the City of Everman, Texas, Chief of Police Randy Sanders, Officer Alexander A. Arango, Officer Paul A. Bales, Officer Anita Bledsoe and Officer

Courtney C. Spencer for their collective and individual use of excessive force, assault, unlawful arrest and detention of Plaintiffs, and malicious prosecution in violation of their Fourth, Fifth and Fourteenth Amendments of the United States Constitution and actions under the color of law in violation of their civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Plaintiffs also bring alternative claims against Chief of Police Randy Sanders, Officer Alexander A. Arango, Officer Paul A. Bales, Officer Anita Bledsoe and Officer Courtney C. Spencer in the event that they were acting in their individual capacity for assault, battery, false imprisonment and malicious prosecution as allowed by Texas law. Plaintiffs also bring claims against Defendants for engaging in racial profiling calculated to interfere with their right to equal protection under the United States Constitution and in violation of the Texas Code of Criminal Procedure Article 2.131. Furthermore, Plaintiffs bring claims against the Defendants for defamation and against the City of Everman for failure to properly train its police officers, the named officers especially, regarding the particulars hereafter alleged.

## II. PARTIES

2. Plaintiff Alexandria Gibson is a citizen of the United States and a resident of Forth Worth, Texas. Ms. Gibson is a 15 year old female who is an 11th grade student in the Fort Worth Independent School District and brings this action by and through Jo'L Gibson, her mother and next of kin.

3. Plaintiff Bre'Anna Johnson is a citizen of the United States and a resident of Fort Worth, Texas. Ms. Johnson is a 15 year old female who is an 11th grade student in the Fort Worth Independent School District and brings this action by and through Christina Hale, her mother and next of kin.

4. Plaintiff Nyeshia Jones is an adult citizen of the United States and a resident of Fort Worth, Texas.

5. Defendant, the City of Everman, is a municipality located in Tarrant County, Texas. The City of Everman operates the Everman Police Department ("EPD"). The City of Everman may be served with citation herein by and through it's agent for service, Donna Anderson, City Manager, 212 North Race Street, Everman, Texas 76140. Additional service is being made on Mayor Jim Stephenson, 212 North Race Street, Everman, Texas 76140. Copies of this document are being sent by Certified U.S. Mail, Return Receipt Requested, to: Chief Randy Sanders, Officer Alexander A. Arango, Officer Paul A. Bales, Officer Anita Bledsoe and Officer Courtney C. Spencer, Everman Police Department, 404 W. Enon, Everman, Texas, 76140 and City Council Members: Denise Douglass, Kelly Denison, Johnnie Allen, Susan Mackey, Judy Sellers and Ray Richardson.

6. Defendant Chief of Police Randy Sanders is a resident of Tarrant County, Texas, and at all times material herein was a police officer acting in the course and scope of his employment for the City of Everman as a police officer and Chief of Police. Randy Sanders may be served with citation at the Everman Police Department, 404 W. Enon, Everman, Texas, 76140.

7. Defendant Alexander A. Arango is a resident of Tarrant County, Texas, and at all times material herein was a police officer acting in the course and scope of his employment for the City of Everman. Alexander A. Arango may be served with citation at the Everman Police Department, 404 W. Enon, Everman, Texas, 76140.

8. Defendant Paul A. Bales is a resident of Tarrant County, Texas, and at all times material herein was a police officer acting in the course and scope of his employment for the City of Everman. Paul A. Bales may be served with citation at the Everman Police Department, 404 W. Enon, Everman, Texas, 76140.

9. Defendant Anita Bledsoe is a resident of Tarrant County, Texas, and at all times material herein was a police officer acting in the course and scope of her employment for the City of Everman. Anita Bledsoe may be served with citation at the Everman Police Department, 404 W. Enon, Everman, Texas, 76140.

10. Defendant Courtney C. Spencer is a resident of Tarrant County, Texas, and at all times material herein was a police officer acting in the course and scope of his employment for the City of Everman. Courtney C. Spencer may be served with citation at the Everman Police Department, 404 W. Enon, Everman, Texas, 76140.

## III. JURISDICTION & VENUE

11. This is a civil rights action brought under, inter alia, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1985, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiffs by constitutional and statutory provisions. Plaintiffs also allege claims under the laws of the State of Texas.

12. Venue is proper because the cause of action occurred within the Northern District of Texas, Fort Worth Division.

## IV. BACKGROUND

13. On October 12, 2007, the Plaintiffs, Bre'Anna Johnson ("Bre'Anna"), Alexandria Gibson ("Alexandria") and Nyeshia Jones ("Nyeshia") attended Everman High School's Homecoming Football game in Everman, Texas ("Homecoming"). While at Homecoming, the three of them noticed a group of individuals, with whom Bre'Anna previously had problems with while attending Everman High School. Bre'Anna transferred to Southwest High School in Fort Worth, Texas in an attempt to disengage all communication and interaction with those individuals. Alexandria attended Southwest High School as well.

14. Bre'Anna was informed by Nyeshia that she received information that these individuals were intending to start a fight with Bre'Anna. Immediately thereafter, there was a brief exchange of words between Nyeshia and one of the individuals in the group but there was no incident. Instead of getting involved in any way, Bre'Anna, Alexandria and Nyeshia simply walked away.

15. As they walked away, they were approached by Mr. Curtis Amos, the principal of Everman High School. Mr. Amos grabbed the arm of Nyeshia and told all three Plaintiffs they had to leave the game.

16. The three girls were puzzled as to why they were being asked to leave but complied with Mr. Amos' demand. As they walked toward the exit of the stadium, Mr. Amos once again grabbed Nyeshia's arms causing embarrassment and unneeded attention to the matter.

17. Then, suddenly, without any advance notice or warning, Bre'Anna was attacked by a Defendant, a Hispanic female police officer, identified by an Everman Police Department uniform, who repeatedly shoved her in the back while demanding she leave the game.

18. Bre'Anna asked the officer not to shove her in the back but the officer continued to use unwarranted, excessive and unreasonable force causing Bre'Anna great fear for her life. Bre'Anna complied with the demands of the police officer to leave the area without any resistance.

19. As Bre'Anna reached the exit gate she was approached by a Defendant, a Caucasian male officer from the Everman Police Department who grabbed her by the neck, lifted her off the ground and threw her into the fence face first. This officer repeatedly slammed Bre'Anna's head into the fence causing bruising and multiple lacerations to Bre'Anna's cheeks and forehead.

20. The Hispanic officer asked the male Caucasian officer if she needed to use the Taser on Bre'Anna. At no time during the incident did Bre'Anna strike any of the officers or attempted to ignore the request of Mr. Amos and the officers.

21. The entire incident was witnessed by Alexandria, Nyeshia and numerous people attending the Homecoming. While Alexandria and Nyeshia questioned the officers about why Bre'Anna was being arrested and abused, Nyeshia was attacked by one of the Defendant officers.

22. Nyeshia was attacked for no lawful reason by the Defendant Everman Police Officer. The officer dragged her by her hair and slammed her head multiple times into the trunk of the car and placed her under arrest.

23. During this time, the Hispanic officer, for no lawful reason or justification, tasered Nyeshia multiple times in the back while she was handcuffed. This caused Nyeshia to pass out.

24. One of the Defendant officers used profanity directed towards Nyeshia as she cried from the pain caused by the laser gun. In total disbelief, Alexandria Gibson attempted to contact her aunt to inform her about what was happening. It was at this time that Alexandria was forcibly and unlawfully grabbed from behind by Defendant, an Everman male Caucasian officer. Alexandria, in total fear for life, asked the officer why he was grabbing her. He simply stated "because he could."

25. At that moment, the Defendant Hispanic female police officer pointed the taser gun at Alexandria's face. In fear for her life, she raised her hands and backed away.

26. Then, Alexandria contacted her aunt to let her know what was happening. During the middle of that conversation, she was attacked by a Defendant, an Everman male Caucasian officer. The officer knocked the phone out her hand and threw Alexandria to the ground by kicking her legs from underneath her. The officer repeatedly

slammed her head on the concrete pavement. As the male officer handcuffed Alexandria, the Hispanic female officer began to use the taser gun on her. As a result of the incident, Alexandria suffered multiple bruises all over her body.

27. Each of the individual girls named above were verbally abused by the Defendant officers while at the police station. One of the officers made a joke about Nyeshia's mother's death. Immediately after being released, Alexandria, Bre'Anna and Nyeshia were treated at the Harris Methodist Southwest Hospital.

28. Alexandria, Bre'Anna and Nyeshia despite physical evidence for the need of medical attention were never provided medical care or transported to the hospital by anyone from the Everman Police Department.

29. In addition to being falsely arrested and mentally and physically abused, Alexandria and Bre'Anna were suspended from school for over ten days and ordered to attend an alternative school.

30. Each of the above unlawful and unwarranted acts by officials of the city of Everman and others caused each of the girls to suffer mental anguish and extreme humiliation.

31. To further their misery, the incident was reported on numerous television stations especially indicated that the young girls had been arrested.

32. Plaintiffs would show that at all times material hereto, Defendants Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencer were acting individually and in concert each with the other in the scope of their employment as agents, servants, and employees of Defendant City of Everman within its executive branch and were performing a governmental function. Plaintiffs would further show that Defendants' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures of the City of Everman for which the City

of Everman knew or should have known but never provided the requisite and proper training.

## V. CIVIL RIGHTS ACTIONS

33. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

34. Racial Profiling: Plaintiffs would show that the Defendants clearly and wrongfully used race as a factor, a proxy, for reasonable suspicion and using excessive force on Plaintiffs. The facts show that there was no probable cause for Plaintiffs' arrest and that no citations were ever issued. Defendants Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencer were working as security officers at the Homecoming and treated Plaintiffs in the manner they did because they were black. Plaintiffs would show that Defendants actions were in violation of TEX. CODE CRIM. PROC. ANN art. 2.131-137 (Vernon Supp.2004) and are strictly liable to Plaintiffs.

35. Plaintiffs would further show that Defendants Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencer denied Plaintiffs their rights to be free from cruel, unusual and excessive punishment, right of equal protection, and deprived them of due process of law, in violation of the Fourth and Fifth Amendment to the United States Constitution as incorporated to the states by the Fourteenth Amendment. The Defendants acted individually in concert and conspiratorially under the color of law to deprive Plaintiffs of their civil rights, privileges or immunities secured by the Constitution and laws pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Plaintiffs would show that Defendants were acting within established wrongful and reckless customs, policies, practices and/or procedures of the City of Everman at the time of the incident and further that the City of Everman knew or should have known of these said malicious customs, policies, practices and/or procedures but provided no remediation nor

training. Plaintiffs would further show that as a result of these violations of their rights, Plaintiffs have suffered damages within the jurisdictional limits of this court.

## VI. EXCESSIVE FORCE

36. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiffs would show that Defendants' actions on the occasion in question were wrongful and constituted gross negligence in depriving Plaintiffs of their constitutional rights, as alleged more fully below.

37. Plaintiffs would show that at all times material hereto, Defendants had a duty to avoid infliction of unjustified bodily injury to Plaintiffs, to protect Plaintiffs' bodily integrity and to not trample on Plaintiffs' constitutional rights.

38. Plaintiffs would show that Defendants Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencer failed to act as reasonable police officers would have acted in the same or similar circumstances. That is, Defendants tasered, disabled, and arrested Plaintiffs without probable cause, even though Plaintiffs never made threatening gestures and fully complied with Defendants Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencers' requests. Defendants essentially used the Taser weapon and excessive force to give Plaintiffs an "attitude adjustment." Defendants' actions were clearly a sham in order to justify, their racial profiling, and their subsequent false arrest of Plaintiff.

39. Defendants' actions were not objectively reasonable because they failed to follow reasonable procedures and they used excessive force in restraining Plaintiffs in a non-life threatening situation.

40. Plaintiffs would show that Defendants Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencer denied Plaintiffs their rights to be free from cruel, unusual and excessive punishment, and to be free from deprivation of their

rights without due process of law, in violation of the Fourth and Fifth Amendments to the United States Constitution as incorporated to the states by the Fourteenth Amendment. Plaintiffs would show that Defendants were acting within custom, policy, practice and/or procedure of the City of Everman at the time of the incident. Plaintiffs would further show that as a result of these violations of their rights, Plaintiffs have suffered damages within the jurisdictional limits of this court.

## VII. FALSE ARREST

41. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiffs would show that Defendants' actions were objectively unreasonable and done in bad faith in that Defendants arrested Plaintiffs without probable cause to think that Plaintiffs had committed the crime of which Plaintiffs were accused. Plaintiffs did not assault Defendants. Plaintiffs would further show that they have suffered damages within the jurisdictional limits of this court from this wrongful arrest and that such arrest was done under color of law. Plaintiffs would show that Defendants were acting within custom, policy, practice and/or procedure of the City of Everman at the time of the incident. Plaintiffs would additionally show that such wrongful arrest was done in violation of Plaintiffs' rights under the Fourth and Fifth Amendments of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiffs have suffered damages within the jurisdictional limits of this court as a result of these violations of their rights.

## VIII. MALICIOUS PROSECUTION

42. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiffs would show that Defendants caused criminal charges to be filed against Plaintiffs, and that Defendants did

so knowing that such charges were baseless. Plaintiffs would show that Defendants were acting within custom, policy, practice and/or procedure of the City of Everman at the time of the incident. Plaintiffs would further show that they have suffered damages within the jurisdictional limits of this court from such malicious prosecution, and that Plaintiffs have suffered violations of their rights under the Fourth and Fifth Amendments of the United States Constitution, as incorporated to the states by the Fourteenth Amendment.

43. As further evidence of the Defendants' intent to pursue the concerted course of conduct of Malicious Prosecution, Plaintiffs' attorneys were contacted by law enforcement personnel to inquire whether Plaintiffs would be willing to enter pleas of guilty to charges yet unknown in return for a deferred adjudication.

## IX. NEGLIGENT FAILURE TO TRAIN AND DISCIPLINE

44. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiffs would show that at all times material hereto, Defendant City of Everman's Police Department lacked guidelines both to restrict the use of force, including the use of Tasers and to monitor the use of Tasers, or, if such guidelines existed, they were grossly inadequate to ensure the proper and restrained use of force including Tasers by police personnel.

45. Plaintiffs would show that Everman Police Chief Randy Sanders endorsed the unfettered use of force, including Tasers, even in situations where no crime was committed. Plaintiffs would show that Defendant Everman's failure to properly train, supervise, test, regulate, discipline or otherwise control its employees and the failure to promulgate proper guidelines for the use of force including Tasers constitutes a custom, policy, practice and/or procedure in condoning unjustified use of force in violation of the constitutional rights of Plaintiffs. Furthermore, Defendant City of Everman's failure to properly train, supervise, test, regulate, discipline or otherwise control its employees

serves to condone the improper behavior previously alleged. As a result of this failure to train and discipline, Plaintiffs have suffered damages within the jurisdictional limits of this court.

## X. NEGLIGENT RETENTION

46. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiffs would show that the City of Everman violated their rights by failing to restrict Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencer when they were aware that 1) the officers inappropriately used force including their Tasers on prior occasions, 2) the officers had been given instructions on how to wrongfully treat African Americans, and 3) other acts relating to wrongful conduct unbecoming a police officer. Despite these instances of misconduct, the City of Everman assigned these officers to continue their office in their same capacity. Defendant City of Everman's actions or inactions constituted a custom, policy, practice and/or procedure to continue the employment of unfit officers. As a result, Plaintiffs have suffered damages within the jurisdictional limits of this court.

## XI. CIVIL RIGHTS DAMAGES

47. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. As a direct and proximate result of the actions of Defendants, Plaintiffs have suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, loss of reputation and embarrassment damages within the jurisdictional limits of this court.

## XII. PUNITIVE/EXEMPLARY DAMAGES

48. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, the conduct of Defendants were done with malice. As such, Plaintiffs request punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiffs' rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs request punitive and exemplary damages be awarded against Defendants in a sum which is within the jurisdictional limits of this court.

## XIII. TEXAS TORT CLAIMS ACT ACTIONS

49. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiffs would show that the City of Everman is liable for the negligent use or non-use of tangible property. Plaintiffs would show that Defendant City of Everman failed to implement the use of audio and/or video recording to document use of force including Tasers issued to its police officers. The failure to use this equipment prevented scrutiny of officers' actions which, in turn, allowed the undocumented infliction of serious physical injury to Plaintiffs. As a result of Defendants' negligence, Plaintiffs have suffered damages within the jurisdictional limits of this court.

50. Defendant City of Everman is responsible for the actions of Defendants Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencer under Tex. Civ. Prac. & Rem. Code Ann., § 101.001, et. seq., commonly known as the Texas Tort Claims Act.

51. As a direct and proximate result of the actions of Defendants, Plaintiffs have suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, and embarrassment damages within the jurisdictional limits of this court.

## XIV. INTENTIONAL TORTS OF CHIEF SANDERS, OFFICER ARANGO, OFFICER BALES, OFFICER BLEDSOE AND OFFICER SPENCER

52. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiffs would show if Defendants Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencer were acting in their individual capacity, then they committed the following intentional torts against Plaintiffs:

a. Assault and Battery;

b. Defamation and Slander;

c. False Imprisonment; and

d. Malicious Prosecution

53. As a direct and proximate result of the actions of Defendants, Plaintiffs have suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, and embarrassment damages within the jurisdictional limits of this court.

## XV. PUNITIVE/EXEMPLARY DAMAGES

54. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, the conduct of Defendants Chief Sanders, Officer Arango, Officer Bales, Officer Bledsoe and Officer Spencer was done with malice. As such, Plaintiffs request punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiffs' rights, safety and welfare is more than momentary thoughtlessness,

inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs request punitive and exemplary damages be awarded against Defendants in a sum which is within the jurisdictional limits of this court.

## XVI. DEFAMATION DAMAGES

55. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiffs allege that Defendants have knowingly made false statements to impute that Plaintiffs committed some crime. These defamatory statements have damaged Plaintiffs' reputation and caused mental anguish for which they seek compensation.

## XVII. COSTS AND ATTORNEY FEES

56. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiffs request the Court to award costs and attorney fees incurred both in defense of the false charges brought by Defendants and in Plaintiffs' prosecution of this litigation.

## XVIII. JOINT AND SEVERAL LIABILITY

57. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiffs would show that Defendants named in this suit were jointly and severally liable for the negligence and gross negligence which was the proximate cause of Plaintiffs' injuries.

## XIX. CONDITIONS PRECEDENT

58. Plaintiffs reserve the right to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiffs recovery have been performed or have occurred.

## XX. TRIAL BY JURY

59. Plaintiffs have paid a jury fee and demands trial by jury.

## XXI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiffs have and recover judgment from Defendants; pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show herself justly entitled.

Respectfully submitted,

Shackelford, Melton & McKinley, LLP

By: ______________________

Daryl K. Washington
Texas Bar No. 24013714
David M. Curtis
Texas Bar No. 05270930
3333 Lee Parkway
Tenth Floor
Dallas, Texas 75219
Telephone: (214)780-1400
Facsimile: (214)780-1401

**ATTORNEYS FOR PLAINTIFFS JO'L GIBSON, Individually and as Next Friend of ALEXANDRIA GIBSON, a Minor, CHRISTINA HALE, Individually and as Next Friend of BRE'ANNA JOHNSON, a Minor, and NYESHIA JONES**

ORIGINAL

# JS 44 CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Jo'L Gibson, Individually and as Next Friend of Alexandria Gibson, et al.

(b) County of Residence of First Listed Plaintiff: Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Shackelford, Melton & McKinley, LLP
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
214-780-1400

## DEFENDANTS

The City of Everman, Texas, et al.

County of Residence of First Listed: Tarrant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

4-08CV-054-A

RECEIVED
2008 JAN 28 PM 12:52
U.S. DISTRICT CLERK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C § 1983, 1985. Intentional torts including assault and battery, defamation and slander, false imprisonment, and malicious prosecution.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $10,000,000.00

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 01/28/2008

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______